FULMER, Judge.
K.R. (the Mother) appeals a final judgment that terminated her parental rights to her child, C.V.T., Jr. The Mother raises six issues on appeal.[1] We find merit in five of the issues raised and reverse.
On March 23, 2001, the Department of Children and Family Services filed a petition for termination of parental rights alleging three grounds: (1) that the Mother engaged in conduct toward the child which demonstrates that the continuing involvement of the Mother in the parent-child relationship threatens the life, safety, or physical, mental, or emotional health of the child irrespective of the provision of services, pursuant to section 39.806(l)(c), Florida Statutes (2000); (2) that the Mother failed to substantially comply with her case plan, pursuant to section 39.806(l)(e); and (3) that the Mother engaged in egregious conduct that endangers the life, health, or safety of the child, pursuant to section 39.806(l)(f).
After an adjudicatory hearing on September 26 and November 9, 2001, the trial court adopted the three grounds for termination. The trial court found, in part, that: the Mother has a substance abuse problem with cocaine which interferes with her ability to properly parent her child; the Mother neglected her child in that she allowed the child to be deprived of necessary food, clothing, shelter, or medical care; the Mother was incarcerated in county jail at the time of the adjudicatory hearing and had been incarcerated for most of the child’s life; the child had lived with the Mother for a mere nine months since its birth in May 1998; and the Mother has demonstrated a history of unstable employment and housing.
The Mother contends, first, that the State failed to establish that she had a current substance abuse problem. The State counters that the Mother had a significant abuse problem, testing positive for three illicit substances in June 2000, and that the Mother was free of illegal substances at the time of trial in September 2001 only because she was incarcerated.
The evidence supports the trial court’s finding that the Mother had a substance abuse problem; however, the Mother had participated in treatment programs and was attempting to deal with her drug problem in order to comply with her case plan. The trial court’s order said nothing about the Mother’s attempt to deal with her drug problem and indicated instead that the Mother was a current drug user. Because the termination order rested primarily on the Mother’s drug abuse and the last evidence that the Mother used drugs was in June 2000, fifteen months prior to the termination hearing, we agree that the evidence of a current drug problem was lacking.
The Mother next argues that the Department failed to meet its burden of proving the egregious conduct ground for termination because drug usage alone does not constitute egregious conduct. In its order, the trial court found in regard to egregious conduct: “The biological mother *368 has a substance abuse problem with cocaine which interferes with her ability to properly parent her child. The biological mother admitted that she uses cocaine when she is with the biological father.”
Pursuant to the statutory definition,
the term “egregious conduct” means abuse, abandonment, neglect, or any other conduct of the parent or parents that is deplorable, flagrant, or outrageous by a normal standard of conduct. Egregious conduct may include an act or omission that occurred only once but was of such intensity, magnitude, or severity as to endanger the life of the child.
§ 39.806(l)(f)(2). We agree that egregious conduct is not a basis for the termination in this case based on the past drug use alone without connecting the drug use to any abuse, neglect, or specific harm to the child. See R.W.W. v. State, Dep’t of Children & Families (In re C.W.W.), 788 So.2d 1020 (Fla. 2d DCA 2001) (holding that past drug use would not support a finding of prospective neglect unless parent had failed to achieve results in a treatment program, and reversing the egregious conduct basis for termination because the trial court had made no findings to support that basis); see also C.C. v. Dep’t of Children & Family Servs., 812 So.2d 520, 522 (Fla. 1st DCA 2002) (stating that a parent’s substance abuse alone does not establish prospective neglect).
The Mother also argues that the trial court’s order failed to address the provision of services to the Mother. See § 39.806(l)(c). We agree with the Mother that R.W.W. supports reversal for this deficiency because, as in that case, the Department did not establish that the continuing involvement of the Mother with the child would threaten the child’s life, safety, or health irrespective of the provision of services. 788 So.2d at 1023.'
Likewise, the Department failed to establish that termination was the least restrictive means of preventing harm to the child. Although the Mother was given a year to complete a case plan and had not done so, at the time of the hearing the Mother was going to be released from incarceration within a month. If the Mother were able to continue making progress toward recovery, termination would not be the least restrictive means of preventing harm to the child. See B.B. v. State, Dep’t of Children & Families (In re G.R.), 793 So.2d 988 (Fla. 2d DCA 2001) (stating that there was no compelling need to rush to judgment where mother with substance abuse problem was making determined effort to rehabilitate herself); R.W.W., 788 So.2d 1020 (stating that Department failed to establish that termination was least restrictive means to prevent harm to child where Department did not demonstrate that child would be harmed by continued custody with foster family while Mother worked on case plan).
Finally, we agree with the Mother that the termination order contained vague findings regarding neglect and the Mother’s inability to provide for the child. It is not clear from the record what evidence the trial court relied on in making these findings other than the Mother’s drug problem. See C.C., 812 So.2d at 523 (remanding for reconsideration because fact findings in order under review were erroneous and incomplete).
Accordingly, we reverse the order terminating parental rights and remand for further proceedings.
Reversed and remanded.
CASANUEVA, J„ and THREADGILL, EDWARD F., Senior Judge, Concur.

. The issues raised are: (1) there was no clear and convincing evidence that the Mother currently had a substance abuse problem; (2) the trial court erred in finding that a substance abuse problem constituted "egregious conduct”; (3) the trial court did not find that the provision of services would be futile; (4) the Department failed to establish that termination was the least restrictive means of preventing harm to the child; (5) the trial court's findings were vague, ambiguous, and lacked factual details; and (6) the trial court’s finding that the guardian ad litem recommended termination is not supported by clear and convincing evidence.