854 So.2d 720 (2003)
In the Interest of A.D.C., a child.
C.C., Appellant,
v.
Department of Children and Family Services, Appellee.
No. 2D02-4572.
District Court of Appeal of Florida, Second District.
August 20, 2003.
J.L. "Ray" LeGrande of LeGrande & LeGrande, P.A., Fort Myers, for Appellant.
William Byrne Isaacs, Port Charlotte, for Appellee.
WHATLEY, Judge.
C.C. appeals the order terminating his parental rights to A.D.C., who was one and a half years old at the time of the termination *721 hearing. We reverse because the Department of Children and Families failed to present clear and convincing evidence to support the three grounds for termination cited in the trial court's order.
One of the grounds for termination of C.C.'s parental rights cited by the trial court is that set forth in section 39.806(1)(d), Florida Statutes (2001). That statute allows for termination where a parent's incarceration in a state correctional institution will be for a substantial portion of the period of time before the child attains the age of eighteen. C.C. testified that he was incarcerated on April 12, 2001, at which time A.D.C. was about one and a half months old. C.C. expects to be released from incarceration as early as July 20, 2005, with the accrual of gain time, or at the latest, May 20, 2006. On the latest date, A.D.C. will be five years old, and even at that point in time, it cannot be said that C.C. will have been incarcerated for a substantial period of A.D.C.'s life.[1]See W.W. v. Dep't of Children & Families, 811 So.2d 791 (Fla. 4th DCA 2002) (holding that fifty-four months is not a substantial portion of eighteen years). Accord In re A.W., 816 So.2d 1261 (Fla. 2d DCA 2002).
Another ground for termination cited by the trial court is that set forth in section 39.806(1)(e)a parent's failure to substantially comply with a case plan with the goal of reunification for a period of twelve months after the child has been adjudicated dependent. C.C. has been incarcerated since A.D.C. was about one and a half months old. The evidence is not clear whether he ever received a copy of the case plan, which was filed on April 6, 2001, just six days before he was incarcerated and just over a month after A.D.C. was born. The family services counselor assigned to this case testified that she never had contact with C.C. and that it is very difficult to complete case plan tasks while incarcerated. The Department concedes that it should have contacted C.C. about his case plan and facilitated his compliance, but then makes the conclusory assertion that sufficient facts were adduced to support termination of C.C.'s parental rights. "Where a court is terminating parental rights based on a parent's failure to comply with a case plan or performance agreement, it is axiomatic that the parent must have the substantial ability to comply with the plan or performance agreement." In re E.L.H., 687 So.2d 924, 925 (Fla. 2d DCA 1997). In light of the fact that the Department could not say whether C.C. had ever been given a copy of the case plan and its acknowledgment that it has made no effort to contact C.C. while he has been incarcerated, the evidence in this case was woefully inadequate to support a finding that C.C. failed to substantially comply with his case plan.
The final ground for termination cited by the trial court is that set forth in section 39.806(1)(i), which allows for termination when the parent's rights to another child have been terminated involuntarily. C.C.'s rights to his other child were terminated after C.C. failed to appear at the adjudicatory hearing regarding that child. Section 39.801(3)(d) specifically states that "failure to personally appear shall constitute consent for termination of parental rights by the person given notice." (Emphasis supplied). C.C. was given notice and that notice contained the statutorily *722 required message that failure to appear would constitute consent to the termination of parental rights. § 39.801(3)(a). Consent is defined as "[v]oluntarily yielding the will to the proposition of another; acquiescence or compliance therewith." Black's Law Dictionary 276 (5th ed.1979). Thus, it cannot be said that C.C.'s rights to A.D.C.'s sibling were terminated involuntarily, and therefore, the evidence did not support termination based on that ground.
Accordingly, we reverse and remand for proceedings consistent with this opinion.
SALCINES and VILLANTI, JJ., concur.
NOTES
[1] We note that the Department concedes that "the trial court did not properly apply the statute." It asserts that the court meant to say that because C.C. was incarcerated, continuing the parental relationship with A.D.C. would be harmful to the child. We will not engage in surmising about what a trial court may have meant to find in a termination order.