KLEIN, J.
A parent’s rights can be terminated, under our statute, if the parent is incarcerated for a period which will constitute a substantial portion of the child’s minority. The question in this case is whether the statute allows the court to consider the entire period of incarceration, or only the period to be served after the petition for termination is filed. We conclude that it is the former and reverse.
The trial court found that the father, who was serving a seven year, nine month sentence, has a projected release date from prison of January 2006, when the *956 child will be eight. When he is released, the father will have been out of prison for only three months of the child’s life. The child does not know that appellee is her father. The trial court terminated the mother’s parental rights, which are not at issue on this appeal, but denied termination as to the father, concluding that his future incarceration is not a substantial portion of the child’s minority. The department appeals.
But for our decision in W.W. v. Department of Children and Families, 811 So.2d 791, 792 (Fla. 4th DCA 2002), the trial court would have terminated based on section 39.806(l)(d)l, Florida Statutes which provides:
The department ... may petition for the termination of parental rights under any of the following circumstances:
* * *
(d) When the parent of a child is incarcerated in a state or federal correctional institution and ...
1. The period of time for which the parent is expected to be incarcerated will constitute a substantial portion of the period of time before the child will attain the age of 18 years;
We interpret “period of time for which the parent is expected to be incarcerated” to be the entire period, which in this case would be seven years, nine months. Although the trial court concluded that only future incarceration could be considered based on our decision in W.W., our opinion in W.W. makes it clear that we considered the entire period, not merely the future portion.
In W.W., the father’s parental rights had been terminated by the trial court only a few months before he was to be released from prison, after fifty four months of incarceration. At the time of his release, which occurred prior to the issuance of our opinion, the children were four, seven and eight years old. We concluded that the trial judge had erred in interpreting the statute to authorize termination if a parent was incarcerated for a substantial portion of the child’s minority to date. We reversed, holding that the statute required the court to consider the entire minority of the child, eighteen years, and further held that fifty four months, the entire sentence, was not a substantial portion of eighteen years. The trial court accordingly misinterpreted W.W. when it concluded that W.W. permits only the future portion of the sentence could be considered.
The term used in the statute, “substantial” means “considerable in importance, value, degree, amount, or extent.” The American Heritage Dictionary of the English Language 1284 (1981). The expected incarceration in this case, seven years, nine months, is a substantial portion of the eighteen years of minority. Because the trial court indicated it would have terminated on this ground, but for W.W., and because there is substantial competent evidence to support that finding, we reverse and remand for a judgment of termination of parental rights.
We certify direct conflict with In re J.D.C., 819 So.2d 264 (Fla. 2d DCA 2002) and In re A.W., 816 So.2d 1261 (Fla. 2d DCA 2002), which construed section 39.806(1)(d) to limit courts to considering only future incarceration.
GUNTHER and GROSS, JJ., concur.