855 So.2d 679 (2003)
In the Interest of T.S., a child.
C.D., Appellant,
v.
Department of Children and Family Services, Appellee.
No. 2D02-2196.
District Court of Appeal of Florida, Second District.
September 26, 2003.
*680 Christopher Desrochers of Christopher A. Desrochers, P.A., Winter Haven, for Appellant.
Douglas Sherman of Department of Children and Family Services, Bartow, for Appellee.
DAVIS, Judge.
C.D., the natural mother of T.S., challenges the trial court's order terminating her parental rights to her son. C.D. argues that the Department of Children and Family Services (DCF) failed to prove that the prior terminations were involuntary as required by the statute. We agree and reverse the final judgment. See C.C. v. Dep't of Children & Family Servs., 854 So.2d 720, 2003 WL 21973599 (Fla. 2d DCA Aug.20, 2003).
The trial court here based the termination of C.D.'s parental rights on section 39.806(1)(i), Florida Statutes (2001), which allows termination "[w]hen the parental rights of the parent to a sibling have been terminated involuntarily." In C.C., this court held that when the previous termination was the result of the parent's failure to appear at the adjudicatory hearing, as was the case here, it cannot be said that the parent's rights were terminated involuntarily. 854 So.2d at 721-22 (citing § 39.801(3)(a)). Accordingly, we must reverse the termination of C.D.'s rights to T.S. and remand for further proceedings consistent with this opinion.
However, we also note that during the pendency of this appeal, the Fourth District found section 39.806(1)(i) to be unconstitutional. See F.L. v. Dep't of Children & Families, 849 So.2d 1114 (Fla. 4th DCA 2003). In doing so, the court certified conflict with A.B. v. Department of Children & Families, 816 So.2d 684 (Fla. 5th DCA 2002), which found the provision to be constitutionally valid. The Fourth and Fifth Districts differed on whether the statute unconstitutionally shifts the burden of proving a parent's fitness, or lack thereof, from DCF to the parent by allowing prior terminations to evidence unfitness to parent the subject child.
We agree with the conclusion expressed in A.B. that the statute is constitutional. We find the reasoning in A.B. to be consistent with our prior holding in In re W.D.N., 443 So.2d 493 (Fla. 2d DCA 1984), and with the Florida Supreme Court's reasoning in Padgett v. Department of Health & Rehabilitative Services, 577 So.2d 565 (Fla.1991). Accordingly we certify conflict with F.L., 849 So.2d 1114.
Reversed and remanded; conflict certified.
FULMER and VILLANTI, JJ., Concur.