863 So.2d 392 (2003)
P.S., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 3D03-715.
District Court of Appeal of Florida, Third District.
December 24, 2003.
Herscher & Herscher, and Ilene Herscher, Coral Gables, for appellant.
*393 Calianne P. Lantz, Assistant District Legal Counsel; Hillary S. Kambour, Program Attorney, Guardian Ad Litem Program, for appellee.
Before GERSTEN, FLETCHER, and SHEPHERD, JJ.
PER CURIAM.
P.S. ("mother") appeals the trial court's order terminating her parental rights to her four children. Because there was no competent substantial evidence supporting an expedited termination of the mother's parental rights under Section 39.806(1)(f), Florida Statutes (2001), we reverse and remand.
The mother was arrested at Miami International Airport for swallowing capsules of cocaine in an attempt to smuggle cocaine into the United States. Her two year old daughter, J.R. was present at the time of the arrest. The mother's three other children, C.R., S.R., and P.R. were located the next day in the care of relatives. The Department of Children and Families' ("Department") placed the four children in placements under its supervision.
The Department thereafter filed a dependency petition alleging that the mother and fathers[1] had abused, abandoned or neglected the children. The Department subsequently filed a petition for expedited termination of parental rights alleging that the parents neglected, abused and abandoned the children. The petition further alleged the mother engaged in egregious conduct because she was arrested for attempting to smuggle cocaine into the United States and is incarcerated in a federal correctional facility awaiting trial on federal drug charges. Subsequently, the mother pleaded guilty to conspiracy to import 500 grams of cocaine into the United States and was sentenced to a term of thirty months in federal prison. The trial court granted the petition for expedited termination of parental rights pursuant to Section 39.806(1)(f).
To establish a prima facie case under Section 39.806(1)(f), the Department was required to prove egregious conduct on the part of the mother. Egregious conduct is defined as:
[A]buse, abandonment, neglect or any other conduct of the parent or parents that is deplorable, flagrant, or outrageous by a normal standard of conduct. Egregious conduct may include an act or omission that occurred only once but was of such intensity, magnitude, or severity as to endanger the life of the child.
See § 39.806(1)(f)(2), Fla. Stat. (2001).
Here, the Department did not produce competent, substantial evidence of specific harm to the children. The only evidence the Department presented in support of the allegation of egregious abuse was a criminal judgment from the United States District Court, Southern District of Florida, which showed the mother pleaded guilty to one count of conspiracy to import 500 grams or more of cocaine into the United States. There was no testimony regarding the details of the arrest or any harm caused to the children as a result of the arrest.
We do not condone such behavior and strongly emphasize that exposing a *394 child to criminal activity is clearly not appropriate. However, the fact that the mother was arrested, in and of itself, is not sufficient to justify an expedited termination of parental rights. See In re A.W. and J.W., 816 So.2d 1261 (Fla. 2d DCA 2002)(father who was serving sentence of fifty-four months for drug trafficking charge could not have his parental rights terminated where Department failed to prove other statutory basis for terminating his parental rights). Without connecting the arrest to any abuse, neglect or specific harm to the child that was present at the arrest or to her other children, this conduct alone cannot be the basis for a termination of parental rights. See In re C.V.T., 843 So.2d 366 (Fla. 2d DCA 2003)(without connecting mother's drug use to specific harm to the child, egregious conduct was not a valid basis for termination of parental rights); In re C.W.W., 788 So.2d 1020 (Fla. 2d DCA 2001).
We also reject the argument advanced at oral argument that the termination of parental rights was proper under Section 39.806(1)(d).[2] This argument was not made below nor did the trial court make any findings of fact that support a termination of parental rights under this section. See In re J.D.C., 819 So.2d 264 (Fla. 2d DCA 2002)(a trial court is required to evaluate whether the time for which a parent is incarcerated constitutes a substantial portion of the time before the child reaches eighteen).
The mother is serving a sentence of thirty months and has indicated that she will be released in six months. This sentence does not constitute a substantial portion of the children's lives before they turn eighteen. See In re A.W. and J.W., 816 So.2d 1261 (Fla. 2d DCA 2002)(father's remaining sentence of fifty-four months did not constitute a substantial portion of the period of time before the child reaches eighteen); In re T.B and J.T., 819 So.2d 270 (Fla. 2d DCA 2002) (incarceration alone is an insufficient ground to terminate parental rights).
In sum, the evidence presented below does not contain competent, substantial evidence to support the expedited termination of the mother's rights under Section 39.806(1)(f). Accordingly, we reverse the trial court's order terminating the mother's parental rights. On remand, the Department must consider whether, in light of the facts in the case and this opinion, it should offer the mother a case plan with the goal of reunification. If circumstances exist that satisfy the statutory requirements for termination of parental rights, the Department may again petition to terminate the mother's parental rights.
Reversed and remanded.
NOTES
[1] The fathers of J.R. and S.R are unknown and the unknown fathers' parental rights were terminated pursuant to publication. H.R., the father of P.R. proceeded to trial at the same time as the mother and the trial court also terminated his parental rights. Terrence Reed signed a surrender of his parental rights to C.R. The fathers are not parties to this appeal.
[2] Section 39.806(1)(d) provides that the Department may file a petition for termination of parental rights when the parent is incarcerated in a state or federal correctional institution and the court finds either the period of time for which the parent is expected to be incarcerated will constitute a substantial portion of the period of time before the child will turn eighteen; the incarcerated parent has been determined to be a violent career criminal, a sexual predator, or has been convicted of first degree or second degree murder; or the court finds by clear and convincing evidence that continuing the parental relationship with the incarcerated parent would be harmful to the child. See § 39.806(1)(d), Fla. Stat. (2001).