PATTERSON, Chief Judge.
B.B., the mother, appeals from the final order terminating her parental rights to G.R., age eight, W.R., age five, and D.R., age four.
A petition for dependency was filed on November 18, 1997, alleging that the mother had a substance abuse problem and was neglecting her children. The children were placed with their paternal grandmother on November 11, 1997, and later, on May 4, 1999, with their paternal aunt and uncle in Virginia. They remain there at this time.
*989 The mother signed an initial case plan on October 1, 1997. An updated plan was filed August 6, 1999, which had a goal of termination of paternal rights and a target date of August 31, 2000. On September 13, 1999, a petition for termination of parental rights was filed, alleging that the mother had materially breached the case plan and had not remained drug and alcohol free. The trial court, relying heavily on the guardian ad litem’s recommendation, granted the petition.
This case differs from many in that there is no evidence of severe neglect of the children. The children do not suffer from any psychological or physical problems which impair their development. The record reflects that while in the mother’s custody, there were no marks or bruises on the children, they appeared to be healthy and happy, there was food in the pantry, and the house was clean. The mother worked as a waitress to provide them with shelter and support. While they have been with their aunt and uncle, she has called and written to them many times.
Admittedly, the mother has not complied fully with her Pinellas County Plan; however, she has not ignored it either. Of significance is that in March 1999 the mother gave birth to P.S., who was placed in foster care in Hillsborough County. She remains in compliance with her Hills-borough County Case Plan, and no effort has been made to terminate her parental rights as to P.S. Thus, the same mother with the same problems is being treated inconsistently in Hillsborough and Pinellas Counties. This brings into focus the issue of whether termination of parental rights in this case is appropriate at this time.
The State has a paramount interest in protecting our children from harm. At the same time, we recognize the fundamental rights of parents to have the custody and companionship of their children. Those rights can be intruded upon only in the least restrictive means of protecting the child from serious harm. See Padgett v. Department of Health & Rehab., 577 So.2d 565 (Fla.1991). Applying this standard, we determine that the State acted prematurely in seeking the termination of the mother’s parental rights to these children. The mother is making a determined effort to rehabilitate herself under the Hillsborough County Case Plan and the children are well cared for and secure. There is no compelling need to rush to judgment under these facts.
Reversed and remanded.
NORTHCUTT and SALCINES, JJ., Concur.