VILLANTI, Judge.
W.P.R., the Father, appeals the order terminating his parental rights to his son, R.R. On the Department’s concession of error, we reverse and remand for further proceedings.
On June 16, 2006, the Department sheltered R.R., age five; his two half-siblings, B.R., age eleven, and M.R., age thirteen; and the Father’s foster child, E.M., age fourteen. The children were sheltered primarily due to the Father’s drug and alcohol use and the neglect that resulted from those activities. The Department filed one shelter petition as to all three of the older children. R.R., who has a different mother, was sheltered under a different petition with a separate case number.
On November 15, 2006, the Father consented to the dependency of all four children. The Father was given two case plans — one under each case number. However, each case plan contained identical tasks, each had a goal of reunification, and each had a target date of June 17, 2007.
On July 7, 2007, the Department staffed R.R.’s case and recommended that it be converted to a termination case due to the Father’s continued drug use. However, the Department decided not to file a termination petition in the case involving the Father’s older children, allegedly because the older children would have had to consent to adoption, they had each indicated that they would not consent, and thus termination would have resulted in them lingering in foster care.
The trial court subsequently ordered that the termination petition be held in abeyance because the Father seemed to be making progress on his case plan. Moreover, the trial court expressed its concern with the Department’s disparate treatment of R.R. and the older children given that the Father was working on identical case plans as to all of the children. Nevertheless, after a termination hearing at which the evidence showed that the Father had not completed his case plan although he was making significant progress, the trial court terminated the Father’s parental rights to R.R.
The Father timely moved for rehearing, but the hearing was delayed by several months. During that delay, the trial court reunited the Father with the older children, and the reunification was proceeding successfully. When the court finally heard the Father’s motion for rehearing in R.R.’s case, the Father argued that the court should not have terminated his parental rights to R.R. while at the same time reunifying him with his older children. The trial court expressed serious concerns about whether it was “right” to terminate the Father’s parental rights as to R.R. but not as to his siblings when the Father’s actions toward all four of the children were the same. However, the court decided that it should leave the termination order intact and let these issues be addressed on appeal.
In this case, we are faced with a situation in which the Father was given identical case plans as to all four children and his actions toward each of his four children are identical, but while the Father has been reunified with his three older children, his parental rights to his youngest child have been terminated. This situation resulted not from the Father’s disparate *853 actions toward his children or differences in his case plan compliance but instead solely from the Department's disparate treatment of the children.
The Department has conceded error based on this court’s decision in B.B. v. Department of Children & Families, 793 So.2d 988 (Fla. 2d DCA 2001). In that case, the mother had three older children who were adjudicated dependent and placed with their paternal aunt and uncle. Id. at 988. The mother had a case plan for these three children through the Department in Pinellas County with case plan tasks related to her substance abuse problems and resulting neglect of the children. Id. While the mother was working on her Pinellas case plan, she gave birth to a fourth child in Hillsborough County. Id. at 989. That child was placed in foster care, and the mother was given a case plan for that child by the Department in Hills-borough. Id.
The Department in Pinellas subsequently filed a petition for termination of the mother’s parental rights to her three oldest children based on her noncompliance with her case plan due to her alleged failure to remain drug and alcohol free. Id. However, the Department in Hillsbor-ough did not seek to terminate the mother’s parental rights to the youngest child. The Pinellas court subsequently terminated the mother’s parental rights in its case, and the mother appealed. Id. This court reversed the termination because “the same mother with the same problems [was] being treated inconsistently in Hills-borough and Pinellas Counties.” Id. In doing so, this court found that the Department’s decision not to terminate the mother’s parental rights to all her children established that termination was not the least restrictive means of protecting the children from serious harm. Id. (citing Padgett v. Dep’t of Health & Rehabilitative Servs., 577 So.2d 565 (Fla.1991)).
In this case, as in B.B., the Department did not show that termination was the least restrictive means of protecting R.R. from harm. The evidence at R.R.’s termination hearing showed that the Father was making a determined effort to rehabilitate himself, was making significant progress on his case plan, and was close to reunification with his older children. The Department presented no evidence that the Father posed a substantial risk of harm to R.R., and the trial court’s subsequent decision to reunify the Father with his older children militates against a finding that the Father posed a risk of any harm — much less substantial harm — to R.R. On these facts, as the Department properly concedes, the trial court erred in terminating the Father’s parental rights to R.R.
We caution that this opinion should not be read to mean that the Department may never treat siblings differently from each other in termination proceedings. Certainly there are situations in which valid reasons might exist for treating children of different ages differently from each other. Instead, we hold only that when a parent has not fully complied with a case plan, the Department may not make its decision as to whether to seek termination of parental rights solely on its assessment of the “adoptability” of each individual child with no reference to the least restrictive means of protecting that child from harm. Accordingly, we reverse the order terminating the Father’s parental rights to R.R. and remand for further proceedings.
Reversed and remanded.
CASANUEVA, C.J., and ALTENBERND, J., Concur.