VILLANTI, Judge.
I.R., the Mother, appeals the termination of her parental rights to her son, R.R. As the Department properly concedes, because we have reversed the termination of the Father’s parental rights, see W.P.R. v. Dep’t of Children & Family Servs., 17 So.3d 851 (Fla. 2d DCA 2009), and because the Department did not establish grounds for a single parent termination, we must reverse the termination order as to the Mother as well.
Unique problems arise when both parents’ parental rights are terminated in a single proceeding and the appellate court subsequently determines that the termination of one parent’s rights was improper.
Section 39.811(6) requires a trial court to consider additional factors when terminating one parent’s rights without terminating the rights of the other parent. This section lists the “only” circumstances under which termination of one parent’s rights is permissible. See L.N. v. Dep’t of Children & Family Servs. (In re E.D.), 884 So.2d 291, 294 (Fla. 2d DCA 2004).FN3 This section creates complexities when an appellate court reviews a judgment terminating the parental rights of both parents and concludes that it must reverse the judgment as to one of the parents. The reversal suddenly subjects the termination of the second parent’s rights to special requirements that were not material at the time the trial court made its ruling.
*28 J.T. v. Dep’t of Children & Family Servs., 908 So.2d 568, 573 (Fla. 2d DCA 2005) (one footnote omitted; emphasis added).
Here, the order terminating the Mother’s parental rights reflects that her rights were terminated solely based on her failure to complete her case plan under section 39.806(l)(e), Florida Statutes (2008). This is not a ground specified in section 39.811(6)(e), and the Department did not put on evidence to establish any other ground for termination under section 39.811(6)(a) through (d). Accordingly, in light of our reversal of the order terminating the Father’s parental rights, we must also reverse the termination order as to the Mother and remand for further proceedings.
Reversed and remanded for further proceedings.
CASANUEVA, C.J., and ALTENBERND, J., Concur.

. Section 39.811(6) permits single-parent termination under the following circumstances:
(a) If the child has only one surviving parent;
(b) If the identity of a prospective parent has been established as unknown after sworn testimony;
(c) If the parent whose rights are being terminated became a parent through a single-parent adoption;
(d) If the protection of the child demands termination of the rights of a single parent; or
*28 (e) If the parent whose rights are being terminated meets any of the criteria specified in s. 39.806(l)(d) and (f)-(i).
When an appellate court reverses the termination of parental rights as to one parent and the trial court has made no ruling with regard to a single-parent termination under section 39.811(6) concerning the other parent, the appellate court can still affirm the single-parent termination if the actual ground for termination as to that parent stated in the judgment is one of the grounds described in section 39.811(6)(e) and that portion of the judgment is otherwise affirmable. On the other hand, an appellate court will typically be unable to uphold a single-parent termination if one parent’s parental rights are terminated for a ground not contained in section 39.811(6)(e), such as failure to complete a case plan. In this situation, the appellate court will normally be constrained to reverse the parent’s judgment because the judgment and record will not contain findings of fact required by section 39.811(6)(a)-(d) sufficient to affirm the judgment as a matter oflaiv.