WARNER, J.
 

 In challenging the final judgment terminating her rights, appellant mother claims that the trial court’s finding that termination was the least restrictive means of protecting the child from harm, as required by
 
 Padgett v. Department of Health & Rehabilitative Services,
 
 577 So.2d 565 (Fla.1991), was not supported by competent substantial evidence. In particular, she claims that because the trial court did not terminate her rights to this child’s half-siblings, termination was not necessary to protect S.A. We disagree, as the trial court appropriately treated each child based upon her individual circumstances.
 

 For support of her position that the trial court could not find that termination was the least restrictive means where her rights to her other children were not terminated, the mother cites to
 
 In re G.R.,
 
 793 So.2d 988 (Fla. 2d DCA 2001). There, the court held that termination of the mother’s rights to her older children did not meet the least restrictive means test when the mother had made progress on rehabilitating herself, had frequent contact with the children, and the Department had not sought to terminate her rights to a child born during the dependency of the older children.
 

 The facts of this case are entirely different. The mother had not made any progress on her case plan as of the final judgment; she had not contacted S.A. for over a year; and she was out of state. The Department had not sought to proceed
 
 *204
 
 with termination of her rights to her older children because they were in a stable environment with their father. That father was also taking care of S.A., who was not his child but the child of a father serving a lengthy prison term. The Department sought to terminate both the father’s and mother’s rights to S.A. in order to provide permanency to the child. The trial court evaluated each child individually with respect to their needs and the least restrictive means test, as the court was required to do.
 
 In re K.A.,
 
 880 So.2d 705, 710 (Fla. 2d DCA 2004) (“[T]he trial court must
 
 individually
 
 determine whether the termination of parental rights to each child is permitted by the statute, is the least restrictive means to protect that child, and is in that child’s manifest best interests.” (emphasis added)). The court committed no error.
 

 We affirm as to all other issues raised.
 

 STEVENSON and CONNER, JJ., concur.