PER CURIAM.
A.M.B., the Mother, and C.J.M., the Father, appeal the termination of their parental rights to the minor child, N.R.B. The Department concedes that the evidence was insufficient to support a termination of the Father’s parental rights. Accordingly, we reverse the termination order as to the Father.
With respect to the Mother, as a result of the reversal of termination of the Father’s parental rights, and because the Department did not establish grounds for single parent termination, we must reverse the termination order as to the Mother as well.
“Unique problems arise when both parents’ parental rights are terminated in a single proceeding and the appellate court subsequently determines that the termination of one parent’s rights was improper.” In the Interest of R.R., a child, I.R. v. Dep’t of Children & Family Servs., 18 So.3d 26, 27 (Fla. 2d DCA 2009). When terminating one parent’s rights without terminating the rights of the other parent, section 39.811(6), Florida Statutes (2016), requires consideration of additional factors by the trial court. When reversing a judg *1239 ment as to one parent, such reversal “suddenly subjects the termination of the second parent’s rights to special requirements that were not material at the time the trial court made its ruling.” I.R., 18 So.3d at 27.
When an appellate court reverses the termination of parental rights as to one parent and the trial court has made no ruling with regard to a single-parent termination under section 39.811(6) concerning the other parent, the appellate court can still affirm the single-parent termination if the actual ground for termination as to that parent stated in the judgment is one of the grounds described in section 39.811(6)(e) and that portion of the judgment is otherwise affirmable. On the other hand, an appellate court will typically be unable to uphold a single-parent termination if one parent’s parental rights are terminated for a ground not contained in section 39.811(6)(e), such as failure to complete a case plan. In this situation, the appellate court will normally be constrained to reverse the parent’s judgment because the judgment and record will not contain findings of fact required by section 39.811(6) (a)-(d) sufficient to affirm the judgment as a matter of law.
J.T. v. Dep’t of Children & Family Servs., 908 So.2d 568, 573 (Fla. 2d DCA 2005) (footnote omitted; emphasis added).
Here, the order terminating the Mother’s parental rights reflects that the termination was primarily based on section 39.806(l)(e), Florida Statutes, due to the failure to complete her case plan. The Department did not put on evidence to establish any other grounds for termination under section 39.811(6)(a)-(d). Accordingly, in light of our reversal of the order terminating the Father’s parental rights, we are constrained to also reverse the termination order as to the Mother and remand for further proceedings.
REVERSED and REMANDED for further proceedings.
WINOKUR, JAY, and M.K. THOMAS, JJ., CONCUR.