625 So.2d 909 (1993)
In the Interest of F.A.C. and G.E.C., Children,
State of Florida, DEPARTMENT of HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
M.H., Appellee.
No. 92-02235.
District Court of Appeal of Florida, Second District.
October 15, 1993.
*910 M. Elizabeth Wall and Roland Reis, Lakeland, for appellant.
Roger A. Alcott, Lakeland, for appellee.
BLUE, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals from an order denying its petition to terminate parental rights and asserts the trial court erred in relying on In re J.A.T., 590 So.2d 524 (Fla. 2d DCA 1991). We disagree and affirm.
In this termination of parental rights proceeding, HRS alleged and proved only that the mother failed to comply with the performance agreement. The trial court denied the HRS petition. In J.A.T., this court held that failure to comply with a performance agreement, without more, did not justify termination. HRS contends J.A.T. was improperly decided because In re R.W., 495 So.2d 133 (Fla. 1986), relied upon by this court, was inapplicable as the result of statutory changes in chapter 39. The supreme court in R.W. held unconstitutional section 39.41(1)(f)1.d, Florida Statutes (1983), which allowed termination of parental rights for failure to comply with a performance agreement. The basis of the ruling was the statute's failure to provide standards or guidelines for performance agreements.
We agree with the HRS position that the present version of chapter 39, as amended before J.A.T., cures the constitutional infirmities. However, we disagree with the HRS contention that the amended statute clearly and unambiguously supports its position. Granted, the statute now provides that the failure to substantially comply with an agreement or plan will constitute evidence of abuse, neglect or abandonment. Section 39.464(5), Fla. Stat. (1991). Nevertheless, that failure is only to be evidence; the statute lacks a clear legislative mandate that failure in this one obligation alone should result in termination of rights.
An analysis of the requirements to terminate parental rights must also look to the provisions of section 39.467. Section 39.467(3) requires a determination by the trial court that each of its five subsections are proven by clear and convincing evidence. Subsection 39.467(3)(b)(2) requires proof that "any of the elements of s. 39.464 is met," unless persons served fail to respond. Subsection 39.467(3)(e) requires proof that a "parent who is offered a performance agreement or permanent placement plan has failed to substantially comply." We hold that these provisions require clear and convincing evidence of both any element of section 39.464 and failure to comply with an applicable plan or agreement.
Chapter 39 is not well written. It is no wonder that litigants and trial judges alike are confused in attempting to determine the requirements to terminate parental rights. We admit to some degree of confusion, but are able to determine that chapter 39 fails to furnish a clear, unambiguous statement that failure to comply with a permanent placement plan or a performance agreement, standing alone, is a sufficient basis for termination of parental rights.
A proceeding as important as the termination of the parent/child relationship should not be subject to ambiguity. This is especially true because the legislature could, if that is its intent, provide a clear, simple statement in chapter 39 that termination of parental rights is authorized upon a court finding that parents have failed to substantially comply with a performance agreement or permanent placement plan.
*911 Because the legislature has not provided that clear mandate, we affirm the court's denial of the petition for termination of parental rights.
RYDER, A.C.J., and PARKER, J., concur.