PER CURIAM.
Appellant, the natural mother of C.N.D., seeks review of a final order terminating her parental rights. She argues that the order must be reversed because the sole justification offered in support of its entry was appellant’s failure substantially to comply with the terms of a performance agreement. We agree.
The only evidence offered in support of termination of appellant’s parental rights at the adjudicatory hearing was that appellant had failed to comply with the terms of a performance agreement which had been approved by the trial court some four months earlier. Likewise, the sole justification offered in the trial court’s order to support the decision to terminate appellant’s parental rights was the finding that appellant had failed substantially to comply with the terms of the performance agreement.
Pursuant to the statutory scheme in effect at the time of the adjudicatory hearing, failure of a parent substantially to comply with the terms of a performance agreement may, under certain circumstances, constitute evidence of abuse, neglect or abandonment. § 39.464(5), Fla.Stat. (1993). However, failure substantially to comply with the terms of a performance agreement is not, by itself, sufficient to support a termination of parental rights. In the Interest of F.A.C., 625 So.2d 909 (Fla. 2d DCA 1993). Accordingly, the order terminating appellant’s parental rights is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.
*858 REVERSED and REMANDED, with directions.
BOOTH, WOLF and WEBSTER, JJ., concur.