ERVIN, Judge.
The Department of Health and Rehabilitative Services (HRS), appellant, appeals an order entered after trial dismissing its petition to determine T.H. dependent and terminate parental rights, and its petition to terminate parental rights as to E.H., who had previously been adjudicated dependent. The petitions were filed against ■ appellee, S.H., mother of T.H. and E.H., and the children’s unknown fathers. We affirm the dismissal with regard to the unknown fathers’ parental rights, but reverse with regard to the mother and remand for further proceedings.
As to the petitions regarding the parental rights of the unknown fathers, it is undisputed that HRS has been unable to determine the identity or whereabouts of either child’s father. Nevertheless, HRS did not provide the court with a record of diligent search, as required by Florida Administrative Code 10M-6.133.[1] The court therefore properly concluded that it could not terminate the parental rights of the unknown fathers and dismissed the petitions as they pertained to the fathers, and we affirm.
*1040 The court erred, however, in dismissing the petition to determine T.H. dependent on the ground that HRS had failed to allege in its petition the specific acts of negligence and/or abandonment proved at trial. This was error, because Florida Rule of Juvenile Procedure 8.310(d) precludes dismissal of a petition “on account of any defect in the form of the petition.” On remand, the court shall address the merits of the petition and determine whether HRS established T.H.’s dependency by clear and convincing evidence.
The court also erred in holding that it could not terminate S.H.’s parental rights to T.H. and E.H. on the ground that HRS had alleged in its petitions only that the mother failed to comply substantially with her performance agreements. Florida Rule of Juvenile Procedure 8.500(b) provides that the only substantive allegation required in a termination petition, aside from the parents’ and child’s identities, etc., is that “the parents were offered a performance agreement or permanent placement plan and did not substantially comply with it,” when required by law.[2] The petitions conformed with this requirement.[3]
As a result, we affirm dismissal of the petitions in regard to the unknown fathers and reverse as to S.H. On remand, we direct the court to reconsider the proof presented at trial and determine whether T.H. should be declared dependent, and whether S.H.’s parental rights to T.H. and E.H. should be terminated.
AFFIRMED in part, REVERSED in part, and REMANDED.
WEBSTER and LAWRENCE, JJ., concur.

. Section 39.464(2), Florida Statutes (1993), provides that HRS shall specify by rale the procedure constituting a diligent search for a parent for the purpose of establishing abandonment.
*1040 Florida Administrative Code 10M-8.002(1) further states that procedures for conducting a diligent search in cases of abandonment are specified in Florida Administrative Code 10M-6.133.

. Section 39.461(2), Florida Statutes (1993), provides that the form of a termination petition is governed by the Florida Rules of Juvenile Procedure.

. This rule regarding petitions for termination of parental rights does not affect the generad rule that proof of a parent’s failure to comply substantially with a performance agreement is insufficient by itself to support termination of parental rights. See K.D. v. Department of Health & Rehab. Servs., 636 So.2d 857 (Fla. 1st DCA 1994).