889 So.2d 91 (2004)
P.P. and H.S., Parents of T.L. P.-S.; T.A. P.-S.; T.R.L. P.-S., Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D04-907.
District Court of Appeal of Florida, First District.
November 17, 2004.
Patricia L. Parker, Jacksonville, for Appellants.
Stacey L. Hill, Assistant General Counsel, Department of Children and Families, Jacksonville, for Appellee.
*92 PER CURIAM.
Appellants challenge a March 2004 order terminating their parental rights to three young children. The trial court found that Appellants had "engaged in conduct toward the children that demonstrates the[ir] continuing involvement ... in the parent-child relationship threatens the life, safety, well-being, or physical, mental or emotional health of the children irrespective of the provision of services, within the meaning of § 39.806(1)(c), Florida Statutes (2003)." Additionally, the court found that, "notwithstanding that a Child Welfare Case Plan ... was entered on behalf of the [Appellants], [they have] continued to neglect, abuse and abandon the children for the past twelve months or more pursuant to § 39.806(1)(e) and § 39.01(1) and (45), Florida Statutes (2003)." Further, the court found that Appellants "abandoned [their] children within the meaning of § 39.806(1)(b) and § 39.01(1), Florida Statutes (2003), and [have] engaged in egregious conduct that endangered the life, safety, or physical, mental, or emotional health of the children or the children's sibling, pursuant to § 39.806(1)(f), Florida Statutes (2003)." Because we find that the trial court erred in terminating Appellants' rights, we reverse and remand this case for further proceedings.
Specifically, we find nothing in the record to support the trial court's decision to terminate Appellants' parental rights under section 39.806(1)(e), which provides for termination when the parents fail to substantially comply with their case plan for 12 months. The record indicates that, as of July 2003, the trial court found that Appellants had "substantially complied" with their case plan, returned their two older children to them, and increased their visitation with the youngest child. One month later, however, the children were removed from the home, apparently based on a complaint from the day care provider. Three months after that, in November 2003, the Department initiated termination proceedings. The trial court erred in terminating Appellants' rights in March 2004 based on section 39.806(1)(e) because 12 months had not passed from August 2003, when the children were removed. See C.C. v. Dep't of Children & Family Servs., 812 So.2d 520, 521 (Fla. 1st DCA 2002) (explaining that trial court erred in terminating parental rights pursuant to section 39.806(1)(e) where child "was some eight months old at the time, [appellant] did not, because she could not, as the order terminating parental rights erroneously found, have `neglected or abandoned' [the child] for the past 12 months or more").
The trial court also cited section 30.806(1)(b), (1)(c), and (1)(f) in terminating Appellants' rights. These sections reference abandonment, neglect, and harmful or egregious conduct. Even assuming the record supports the trial court's findings under these provisions, nothing indicates that termination of Appellants' parental rights was the least restrictive means of protecting the children. See M.H. v. Dep't of Children & Families, 866 So.2d 220 (Fla. 1st DCA 2004). See also L.B. v. Dep't of Children & Families, 835 So.2d 1189 (Fla. 1st DCA 2002).
REVERSED and REMANDED for further proceedings.
ERVIN, BOOTH, and KAHN, JJ., CONCUR.