950 So.2d 1264 (2007)
B.L. and M.L., Parents of L.L., A Child, Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, et al., Appellee.
No. 5D06-1228.
District Court of Appeal of Florida, Fifth District.
March 16, 2007.
Timothy A. Straus, of Moyer, Straus & Patel, Altamonte Springs, and Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellants.
Amy Beauchaine, Orlando, for Appellee, Participant/Custodian.
Charles D. Peters, Orlando, for Appellee, Department of Children and Families.
*1265 PLEUS, C.J.
B.L. and M.L., parents of L.L., a minor, appeal from an order permanently committing L.L. to the long-term custody of a relative pursuant to sections 39.621, et seq., Florida Statutes.
The trial court ordered long-term relative placement of L.L. with the child's maternal aunt and her husband with whom the child had been residing for some eighteen months. The court did so based on a finding that the parents had yet to comply with a case plan despite the passage of more than one year. The court found that the child needed permanency, terminated DCF supervision, retained jurisdiction, and expressly recognized that the parents could re-open the case if and when they complied with the case plan.
The parents raise multiple challenges to the order. We have reviewed these claims and find one has merit and requires reversal for reconsideration.
In June 2004, L.L., d/o/b July 25, 2003, was found to be dependent based on evidence that the parents engaged in domestic violence and used illegal drugs. A case plan had been agreed to by the parents and DCF as part of a mediation agreement and the mediation agreement was accepted by the trial court which ordered the parties to comply with its terms. This case plan provided, inter alia, that the parents continue in a program at the Orlando Methadone Treatment Center. Subsequent case plans required that the parents submit to drug evaluations and follow treatment recommendations
The issue of noncompliance with the case plans was tried at a permanency hearing held in early 2006, and substantial competent evidence was presented that the parents continued to minimize their drug problems and failed to comply with recommendations for treatment of their drug addictions.
The trial court entered the order on appeal on March 16, 2006. The court explained that L.L. deserved permanency and found that the parents had yet to complete the case plan by failing to complete the drug/alcohol evaluation and treatment programs. The court expressed it had concern that "the parents are still on shaky ground," are dealing with a newborn child and have continued to minimize their drug dependency. The court ordered long-term placement of L.L. with the maternal aunt and her husband, and instructed that the parents could move the court to re-open the case once they completed the case plan and that the court would then set an evidentiary hearing to determine the best interest of the child and if there is a substantial change in circumstances. By a separate order, the court terminated supervision by DCF over L.L., though it did not terminate jurisdiction over the case.
DCF points out that an appellate court "will not reverse an order that determines permanency by directing long-term placement with a relative if there is competent, substantial evidence to support it." LLC v. Dep't of Children & Families, 790 So.2d 1239 (Fla. 5th DCA 2001). Additionally, such order must comport with the applicable dictates of Chapter 39, Florida Statutes.
The determinative point on appeal concerns the parents' claim that the trial court utilized an improper standard and failed to employ the required statutory standard in entering its order placing L.L. in long-term relative care.
According to Chapter 39, Florida Statutes (2006), it is the intent of the Florida Legislature to achieve permanency for every child in the dependency system. § 39.001(1)(h). When it is determined that *1266 reunification with either parent is inappropriate, the court must make a permanency determination for the child. § 39.621(1). Section 39.622, Florida Statutes, provides in pertinent part:
When the parents have either consented to long-term custody, had their parental rights terminated, or failed to substantially comply with a case plan, and the court determines at a judicial review hearing, or at an adjudication hearing held pursuant to this chapter, that reunification is not in the best interest of the child, the court may place the child in the long-term custody of an adult relative or other adult approved by the court who has had custody of the child for at least the 6 preceding months and is willing to care for the child, if all of the following conditions are met. . . .
(Emphasis in original).
The parents argue that the trial court failed to address whether the parents substantially complied with the case plan, instead stating in its order: "The fact that the case plan has not been completed is sufficient to find permanency at this time for this child."
The parents argue that the term "substantial compliance," is statutorily defined as something different than merely whether the parents "completed" their case plan. Section 39.01(68), Florida Statutes, contains the applicable definition:
"Substantial compliance" means that the circumstances which caused the creation of the case plan have been significantly remedied to the extent that the well-being and safety of the child will not be endangered upon the child's remaining with or being returned to the child's parent.
Conversely, the lack of substantial compliance means that the circumstances which gave rise to creation of the case plan have not been significantly remedied to the extent that the well being and safety of the child will be endangered upon the child's remaining with or being returned to the parents.
The parents extract a single line out of the order which states that the case plan has not been completed but ignore other findings contained in the order, to wit: "that the parents are still on shaky ground," "[t]his court has concerns as to their continuing to minimize their drug dependency," and "the parents are in `serious denial about their addiction'." These additional statements seem to reflect that the circumstances which gave rise to creation of the case plan may not have been significantly remedied.
The parents point out, however, that despite all this, the trial court ordered long-term relative placement of L.L. while almost simultaneously concluding there was no probable cause for sheltering the parents' newborn, C.L. In fact, a dependency action involving the newborn was dismissed on March 28, 2006, on the same day as the order establishing long-term custodial relationship was signed by the court as to L.L. The parents maintain that it is inconceivable that the trial court could find that the newborn was not at substantial risk of abuse, abandonment or neglect, and yet decide that L.L. would be endangered if she was returned to the parents' custody.
We agree that the record suggests an anomaly and that the trial court may have erroneously focused solely on the parents' failure to complete the case plan without consideration of the "substantially comply" language contained in section 39.622. That phrase is a term of art which requires more than just a determination that the case plan has not been completed before long-term relative placement can be ordered.
*1267 Accordingly, we reverse and remand for reconsideration on the issue of whether, under section 39.622, the parents failed to substantially comply with the case plan, with "failed to substantially comply with a case plan" meaning that the circumstances which gave rise to creation of the case plan have not been significantly remedied to the extent that the well-being and safety of L.L. will be endangered upon the child's return to the parents.
REVERSED AND REMANDED.
SAWAYA and EVANDER, JJ., concur.