STEVENSON, J.
 

 L.M., the mother, timely appeals an order on permanency review that essentially denied her request for reunification with the minor child and an order terminating the Department of Children and Families’ (“DCF”) protective supervision. We reverse and remand both orders because the order on permanency review neglects to make adequate findings on L.M.’s substantial compliance with DCF’s case plan, and the order terminating protective supervision neglects to address the six parental reunification factors set forth in section 39.621(10), Florida Statutes (2009).
 

 Several years after divorcing, T.S., the father, wrote a letter to the trial court, expressing concern about L.M., his former wife and the primary residential parent of their two children, abusing prescription drugs. The trial court treated the letter as a motion for reunification, issued an order reopening the dependency case and, then, placed the children with T.S. DCF created a new case plan that required both L.M. and T.S. to complete certain tasks and comply with certain requirements. One year later, DCF filed a motion to terminate its protective supervision. Following a permanency review hearing, the trial court determined that T.S. had substantially complied with the case plan, but L.M. had not. Thus, the trial court concluded that reunification had occurred, maintained placement with T.S., and expressly terminated DCF’s protective supervision. The trial court also ordered that visitation with L.M. must be supervised.
 

 The trial court’s permanency review form order lists the tasks with which L.M. had complied and those with which she had not, and then reflects a checkmark next to the option stating she had not reached substantial compliance. Substantial compliance “is a term of art which requires more than just a determination that the case plan has not been completed.”
 
 B.L. v. Dep’t of Children & Families,
 
 950 So.2d 1264, 1266 (Fla. 5th DCA 2007). Because L.M. complied with most of the tasks, we find that checking a box does not, without more, amount to an adequate determination regarding the existence of substantial compliance. We reverse and remand for a thorough determination of whether L.M. substantially complied with the case plan. We note that if on remand the trial court determines that both parents substantially complied with the case plan, custody of the children would be determined based on their best interests.
 
 See
 
 § 39.522(1), Fla. Stat. (2009).
 

 Additionally, section 39.621(10), Florida Statutes (2009), mandates that six factors “be considered and addressed in the findings of fact of the order on the motion [by a parent for reunification].” The trial court’s order reopening this case in response to T.S.’s letter addressed these six factors. However, the trial court neglected to address these factors in the orders wherein it made its ultimate reunification decision and terminated DCF’s protective supervision. Under the statutory scheme, the trial court was required to address the six factors once it made a reunification decision, not when it decided to reopen the case.
 
 Id.
 
 Because the trial court’s orders finding reunification and terminating protective supervision are devoid of the preferences of the children, the recommendation of the current custodian, or the recommendation of the guardian ad litem, we also reverse and remand for the
 
 *410
 
 trial court to consider and address all six factors contained in section 39.621(10).
 

 Reversed and remanded.
 

 GERBER, J., and BROWN, LUCY CHERNOW, Associate Judge, concur.