CRENSHAW, Judge.
R.F., the Mother, and E.F., the Father, appeal the trial court’s final order terminating the parental rights to their three children: S.F., born November 15, 2004; *653 P.F., born January 20, 2006; and C.F., born September 21, 2007. Because the evidence was insufficient to support the termination as to any of the children, we reverse and remand for further proceedings.
On May 9, 2008, the Department filed a petition for the termination of parental rights to all three children, alleging the Mother and the Father failed to comply with section 39.806(l)(e) and (e), Florida Statutes (2007). The trial court conducted a hearing on the Department’s petition and, at the conclusion of the hearing, entered a final judgment terminating the parental rights of the Mother and the Father on July 30, 2008. The trial court determined the Department proved by clear and convincing evidence that termination of the parental rights was in the manifest best interest of the children and the least restrictive means of protecting the children from harm. This appeal follows.
The Mother and the Father have a fundamental liberty interest in the care, custody, and management of their children; therefore, the Department must prove the allegations supporting the termination of parental rights by clear and convincing evidence. Santosky v. Kramer, 455 U.S. 745, 769, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); R.W.W. v. Dep’t of Children & Families, 788 So.2d 1020, 1023 (Fla. 2d DCA 2001). Clear and convincing evidence is defined as an “ ‘intermediate level of proof [that] entails both a qualitative and quantitative standard. The evidence must be credible; the memories of the witnesses must be clear and without confusion; and the sum total of the evidence must be of sufficient weight to convince the trier of fact without hesitancy.’ ” Fla. Dep’t of Children & Families v. F.L., 880 So.2d 602, 614 n. 7 (Fla.2004) (Cantero, J., specially concurring) (alteration in original) (quoting In re Davey, 645 So.2d 398, 404 (Fla.1994)). The Department must also establish that the termination of parental rights is the least restrictive means of protecting the children from harm. Padgett v. Dep’t of Health & Rehabilitative Servs., 577 So.2d 565, 571 (Fla.1991); R.W.W., 788 So.2d at 1023.
At the termination hearing, the trial court determined the Mother’s and the Father’s continued involvement with drugs threatened the well-being and safety of the children pursuant to section 39.806(l)(c). The termination of parental rights under this section requires two findings: “first, that continued interaction with the parent threatens the life, safety, or health of the child, and second, that this threat cannot be remedied by the provision of services.” T.H. v. Dep’t of Children & Family Servs., 979 So.2d 1075, 1082 (Fla. 2d DCA 2008). Though drug addiction is an important factor in assessing the threat of prospective harm to the children, a parent’s substance abuse, standing alone, does not establish prospective neglect. C.C. v. Dep’t of Children & Family Servs., 812 So.2d 520, 522-23 (Fla. 1st DCA 2002); L.D. v. Dep’t of Children & Family Servs., 957 So.2d 1203, 1205-06 (Fla. 3d DCA 2007). The initial ease manager, current case manager, and guardian ad litem all testified that the parents did not place the children in an environment that negatively affected their physical, mental, or emotional well-being. Likewise, there was no clear and convincing evidence of a nexus between either the Mother’s or the Father’s drug use and any existing abuse, neglect, or specific harm to the children. See K.R. v. Dep’t of Children & Family Servs., 843 So.2d 366, 368 (Fla. 2d DCA 2003); M.H. v. Dep’t of Children & Families, 866 So.2d 220, 222 (Fla. 1st DCA 2004) (“[I]t is well settled that a parent’s drug addiction, standing alone, is an insufficient ground upon which to terminate *654 parental rights.”). Therefore, we find the trial court erred by granting the petition under section 39.806(l)(c).[1]
Next, the trial court’s order determined the parents “failed to comply with the requirements of their case plans pursuant to [section] 39.806(l)(e).” However, the trial court failed to distinguish its findings among S.F. and P.F., who were parties to the original case plan, and C.F., who was adjudicated dependent only seven months before the termination. The trial court also failed to distinguish its findings between the Father and the Mother, the latter of whom had considerably more difficulties complying with her case plan.
Section 39.806(l)(e)(l) provides that a twelve-month period for compliance with a case plan begins to run “only after the child’s placement into shelter care or the entry of a disposition order placing the custody of the child with the department or a person other than the parent and the approval by the court of a case plan with a goal of reunification with the parent, whichever came first[.]” The trial court erred when it terminated the parental rights of the Mother and the Father as to C.F. because he was only nine months old at the time of the termination and twelve months had not passed since he was removed from the Father’s custody. See P.P. v. Dep’t of Children & Families, 889 So.2d 91, 92 (Fla. 1st DCA 2004).
We also find that the Department failed to establish by clear and convincing evidence that the circumstances which caused the creation of the case plan were not significantly remedied to the extent that the well-being and safety of the children was endangered upon remaining with or being returned to the parents. See J.C. v. Dep’t of Children & Family Servs., 6 So.3d 643, 649 (Fla. 2d DCA 2009). Although the record reflected the Mother’s and the Father’s drug relapses, the trial court acknowledged their improvement and compliance with the case plans by returning S.F. and P.F. to their care in June 2007 and determining in August 2007 that they had substantially complied with their case plans. The Department again entrusted the care of the children to the Father by returning S.F. and P.F. to his custody in December 2007, and C.F. in February 2008. “[C]hapter 39 does not allow for the termination of parental rights simply for failing to comply with a case plan.” J.R.S. v. Dep’t of Children & Families, 787 So.2d 875, 878 n. 7 (Fla. 2d DCA 2001); see also Dep’t of Health & Rehabilitative Servs. v. M.H., 625 So.2d 909, 910 (Fla. 2d DCA 1993).
Finally, the trial court determined that termination under section 39.806(l)(c) and (e) was the least restrictive means of protecting the children from serious harm. The least restrictive means test requires that “measures short of termination be utilized if such can permit the safe reestablishment of the parent-child bond.” O.M. v. Dep’t of Children & Family Servs., 863 So.2d 476, 480 (Fla. 2d DCA 2004). The trial court acknowledged a strong bond between the children and the parents but found the bond was outweighed by the harm the children would suffer if the relationship continued. For reasons stated above, the Department failed to establish the parents’ actions harmed the children, and any evidence of future harm was speculative at best. The undisputed evidence showed that each parent shared a strong bond with each child and each parent was able to care for the *655 children for substantial periods of time. Moreover, the trial court’s failure to examine the best interests of each child, as opposed to a collective unit, was also error. See K.A. v. Dep’t of Children & Family Servs., 880 So.2d 705, 710 (Fla. 2d DCA 2004) (“[1⅛ cases where the Department seeks to terminate parental rights to numerous children, the trial court cannot treat the children as an amorphous group in which the best interests of one will meet the interests of all.”).
Accordingly, we reverse the final judgment terminating the Mother’s and the Father’s parental rights as to S.F., P.F., and C.F. under section 39.806(l)(e) and (e) and remand for further proceedings.
SILBERMAN and WALLACE, JJ„ Concur.

. As the Department failed to demonstrate by clear and convincing evidence that either parent's actions threatened the life, safety, or health of any of the three children, we will not discuss the second prong enunciated under T.H.