SCHWARTZ, Senior Judge.
 

 J.C., the mother of three-year-old G.C. and eighteen-month-old J.C., and H.C., the father of G.C.,
 
 [1]
 
 appeal from final judgments terminating their parental rights to those children. Although there are several other procedural and substantive issues which give us pause as to the legal sufficiency of the proceedings below, we reverse the judgments and remand for further proceedings on the fundamental ground that there was no showing of any statutory basis justifying that drastic remedy as to either child or either parent. With the immaterial distinction that the parents’ alleged inadequacies arose from drug use, rather than, as in this case, mental illness, the facts of the recent case of
 
 In
 
 re
 
 S.F.,
 
 22 So.3d 650 (Fla. 2d DCA 2009), are almost identical. Most importantly, as in
 
 S.F.,
 
 there was no showing, as required by the only even arguably applicable provision, section 39.806(l)(c), Florida Statutes (2008), that “ ‘continued interaction with the parent threatens the life, safety, or health of the child, and ... that this threat cannot be remedied by the provision of services.’ ”
 
 In re S.F.,
 
 22 So.3d at 653 (quoting
 
 T.H. v. Dep’t of Children & Family Servs.,
 
 979 So.2d 1075, 1082 (Fla. 2d DCA 2008)).
 
 See also C.C. v. Dep’t of
 
 
 *666
 

 Children & Family Servs.,
 
 812 So.2d 520 (Fla. 1st DCA 2002).
 

 Reversed and remanded.
 

 [1]
 

 . H.C. is not the biological father of J.C. (that person’s identity is unknown), and was not married to the mother.