WALLACE, Judge,
Dissenting.
The result reached by the majority, which will permit E.C. to be adopted by her current foster parents, is an attractive one. However, the analysis in the majority opinion minimizes the multiple ways in which the Department’s case against both the Father and the Mother fails to meet some of the most basic requirements for the termination of parental rights. Measuring the record in this case against these requirements compels me to dissent.
*716 I. INTRODUCTION
The Department failed to prove its case for the termination of either the Father’s or the Mother’s parental rights to E.C. based on case plan noncompliance for two separate reasons. First, the paper referred to in the majority opinion as the June 29, 2005, “case plan” was never filed with the circuit court before the entry of the termination order that is the subject of this appeal and actually appears to be an addendum to an earlier case plan.[5] This unsigned addendum was prepared and dated before E.C. was born and — not surprisingly — it does not mention E.C. The addendum was not even filed until more than three and one-half years after it was purportedly approved by the circuit court, long after the parents’ appeals were pending in this court. Because of the complete absence of a proper case plan for E.C., I conclude that the Department did not prove its case for the termination of either parent’s parental rights to E.C. based on case plan noncompliance.
Second, even if one assumes that the unfiled addendum was a valid case plan applicable to E.C., the Department also failed to prove its case for the termination of the Father’s parental rights based on his alleged noncompliance with the tasks in the addendum. The failure of the Department’s proof as to the Father fatally undermines its case against the Mother as well because the Department did not establish grounds for a single parent termination.
I will discuss separately each of these deficiencies in the Department’s case against the parents. My conclusion that the Department failed to establish a ground for termination of either the Father’s or the Mother’s parental rights to E.C. makes it unnecessary for me to discuss the issues concerning whether termination was in the manifest best interests of E.C. or the least restrictive means of protecting E.C. from serious harm.
II. FACTS AND PROCEDURAL HISTORY
On July 27, 2004, approximately eleven months before E.C. was born, the Department filed a shelter petition for the Mother’s and the Father’s three children and for the Mother’s two older children.[6] The petition alleged physical abuse, domestic violence, and substance abuse. In particular, the petition alleged that the Mother was living in a domestic violence shelter with the children because the Father had hit then-fourteen-year-old S.O. in the mouth. The Mother was not present at the time, and when she arrived at the home where the incident took place, she was intoxicated. There were also allegations that the Father had hit the Mother on prior occasions. The circuit court ordered that the five children be placed in shelter care.
Later, the Department filed a petition for dependency alleging that the children had been abused and neglected due to the domestic violence in the home. On April *717 7, 2005, the five children were adjudicated dependent as to the Mother. On the same date, M.C., S.A.C., and I.A.C. were adjudicated dependent as to the Father with his consent.
The circuit court accepted an initial case plan dated December 15, 2004, with a goal of reunification and a target date of July 26, 2005. The plan required the Father to (1) maintain adequate housing, (2) maintain stable income, (3) successfully complete an approved parenting program, (4) complete family counseling, (5) complete an approved domestic violence class, and (6) commit no further law violations.
On March 24, 2005, the Father was arrested for violating his probation and for possession of marijuana. He was released later that year. On June 16, 2005, the Mother tested positive for cocaine while she was pregnant with E.C. Then, when she was advised by hospital personnel on June 17, 2005, to remain in the hospital after her water broke, she left the hospital without being discharged. Following these events, the Department drafted an addendum to the parents’ case plan. This addendum — dated June 29, 2005 — was formulated before the birth of E.C. The addendum purported to change the plan tasks and required both parents to undergo a substance abuse evaluation and treatment. The addendum also required the Mother to complete a mental health assessment. The completion date set in the addendum was December 31, 2005 — just slightly more than six months later. As I have already noted, the addendum was not filed in the circuit court.
After the preparation of the addendum, the Mother gave birth to E.C. on June 30, 2005. E.C. was born prematurely and was placed in a neonatal intensive care unit. The Department filed a shelter petition alleging that both the Mother and E.C. tested positive for cocaine and marijuana. The petition further alleged that the Father was unable to care for E.C. because he was incarcerated. For these reasons, the circuit court ordered that E.C. be placed in shelter care.
The Department filed a petition for dependency on July 15, 2005, alleging that the Father had abandoned E.C. as a result of his incarceration. The petition alleged one count of prospective neglect as to the Mother and one count of abuse based on the Mother’s exposure of E.C. to controlled substances. On July 28, 2005, the circuit court adjudicated E.C. dependent as to both parents.
On August 17, 2005, the circuit court entered a case plan order, nunc pro tunc to July 28, 2005, listing E.C. and her five older siblings. Although the order purported to approve a case plan dated June 29, 2005, no case plan was attached to or filed with the order.[7]
Afterward, the Mother and the Father did not complete several tasks that were included in the June 29, 2005, addendum. In particular, the Mother did not follow the recommendations made by her mental health counselor after the mental health assessment. The Mother also did not complete her substance abuse treatment, failed several drug tests, and used cocaine. Similarly, the Father failed several drug tests and used marijuana.
The Department filed a petition for termination of parental rights as to both par *718 ents on February 20, 2007. This petition alleged that the parents had not substantially complied with their case plans. For this reason, the Department requested that the parents’ rights be terminated under subsection 39.806(l)(e), Florida Statutes (2006).[8]
At the beginning of the termination hearing, counsel for the Department asked the circuit court to take judicial notice of all of the orders included in the court’s file. Counsel described the orders and, in pertinent part, stated:
On August 16th, 2005, this Court entered a nunc pro tunc order back to July 28th, 2005[,] adjudicating the minor child, [E.C.], dependent as to both parents .... Also the same date, same nunc pro tunc date as well, there is a Case Plan Order. It’s ordering the [Mjother, [R.C.], as well as the [Fjather, [M.C.], naming the [Mjother’s six children, who were previously named, and ordering the parents to comply with the case plan. In the court file, also asking you to take judicial notice of it, dated June 29th, 2005.
However, the Department did not introduce the June 29, 2005, addendum as a separate exhibit during the hearing and presented no testimony describing the tasks listed in the addendum. In fact, the addendum of June 29, 2005, was not in the court file on the date of the termination hearing or when the termination order for E.C. was entered.
The circuit court ruled that termination of parental rights was not appropriate as to L.J.W., M.C., S.A.C., and I.A.C. because the Department did not establish that termination was in their manifest best interests or that termination was the least restrictive means of protecting these children from serious harm. The court readjudicated these children dependent and ordered the Department to provide the parents with a new case plan with a goal of reunification. However, the court terminated the Father’s and the Mother’s parental rights as to E.C. for substantial noncompliance as authorized by section 39.806(l)(e)(l) because they “failed to complete their case plan, as necessary.” The court also found that termination was in the manifest best interests of E.C. and was the least restrictive means of protecting her from harm. The parents challenge the order to the extent that it terminates their parental rights to E.C.
III. LEGAL BACKGROUND
To grant a petition to terminate parental rights, the circuit court must find that the Department presented clear and convincing evidence to support the termination. W.L. v. Dep’t of Children & Family Servs., 15 So.3d 866, 868 (Fla. 2d DCA 2009). The court must first find grounds for termination of parental rights under section 39.806 and then consider the manifest best interests of the child under section 39.810. See V.W. v. Dep’t of Children & Family Servs., 863 So.2d 480, 482-83 (Fla. 2d DCA 2004). Additionally, the Department must prove that termination of parental rights is the least restrictive means of protecting the child from serious harm. See id. at 483. An appellate court will affirm the termination if, upon the evidence presented to the circuit court, there is any principle or theory of law that would support the court’s judgment terminating parental rights. G.W.B. v. J.S.W., 658 So.2d 961, 967 (Fla.1995).
*719 IV. DISCUSSION

A. Parties ’ Arguments

The Father and the Mother challenge the sufficiency of the evidence supporting the termination of their parental rights to E.C. In particular, they argue that the Department did not present clear and convincing evidence that they failed to substantially comply with a case plan for E.C. The parents point out that the Department did not file a case plan for E.C. in the circuit court and did not provide them with a copy of such a plan.[9] The Father also contends that he substantially complied with any case plan for E.C. because he remedied the circumstances that could have caused the creation of such a plan.
In response, the Department makes two points. First, the Department argues that the parties did not raise the argument regarding the filing of the case plan before the circuit court. And, if the argument were properly preserved, the so-called “case plan” of June 29, 2005, was applicable to E.C. and was referenced in the case plan order. Second, the Department contends that the parents failed to substantially comply with the so-called “case plan.” Notably, the Department limits its appellate arguments in support of the termination order to the parents’ alleged failure to substantially comply with the case plan tasks in the June 29, 2005, addendum. It does not rely on the tasks included in the December 15, 2004, case plan.
I will consider the parties’ arguments below. But some understanding of the statutory basis for terminating the parents’ parental rights to E.C. for failure to substantially comply with a case plan is essential to an understanding of the parties’ arguments. Thus I will briefly outline the elements of proof necessary for termination of parental rights under section 39.806(l)(e)(l).

B. Section 39.806(l)(e) (1)

A three-part test governs the termination of parental rights for failure to substantially comply with a case plan. First, the circuit court must adjudicate the child dependent. § 39.806(l)(e); J.T. v. Dep’t of Children Family Servs., 819 So.2d 270, 272 (Fla. 2d DCA 2002). Second, the Department must file a case plan with the circuit court. § 39.806(l)(e); Y.F. v. Dep’t of Children Family Servs., 893 So.2d 641, 642 (Fla. 2d DCA 2005). Third, the Department must show that “[t]he child continues to be abused, neglected, or abandoned by the parents.” § 39.806(l)(e)(l). A parent’s failure “to substantially comply” with the case plan for a twelve-month period “constitutes evidence of continuing abuse, neglect, or abandonment” except when the failure “to substantially comply” was due to the Department’s failure to make reasonable efforts toward reunification or the parent’s lack of financial resources.[10] Id. “ ‘Substantial compliance’ means that the circumstances which caused the creation of the case plan have been significantly remedied to the extent that the well-being and safety of the child will not be endangered upon the child’s remaining with or *720 being returned to the child's parent.” § 39.01(71) (emphasis added); see also R.F. v. Dep’t of Children Family Servs., 22 So.3d 650, 654 (Fla. 2d DCA 2009); E.R. v. Dep’t of Children Family Servs., 937 So.2d 1196, 1198 (Fla. 3d DCA 2006). The circuit court cannot terminate parental rights under section 39.806(l)(e)(l) merely because a parent failed to comply with a case plan. R.F., 22 So.3d at 654.

C. June 29, 2005, Addendum

As a preliminary matter, the Department contends that the argument regarding the failure to file a case plan for E.C. in the circuit court was not preserved for appellate review because it was not raised below. I disagree.
[W]hen the trial court found that the evidence was sufficient to terminate appellant's parental rights, the court was ruling on the very issues which a motion for judgment of dismissal would have raised. Thus, when the sufficiency of the evidence is raised on appeal, we are not addressing an issue which was not considered by the trial court.
H.D. v. Dep’t of Children & Families, 964 So.2d 818, 819 (Fla. 4th DCA 2007), review granted, 974 So.2d 386 (Fla.), review dismissed as improvidently granted, 985 So.2d 1059 (Fla.2008). Here, the circuit court found that the evidence was sufficient to terminate the parents’ parental rights to E.C., and the parents are challenging the sufficiency of that evidence. Thus this court should address the challenge to the sufficiency of the evidence based on the Department’s failure to file a case plan for E.C.[11]
Termination under section 39.806(l)(e)(l) is improper where “no case plan ha[s] beén filed with the court prior to the filing of the ... petition for termination of parental rights.” Y.F., 893 So.2d at 642. The record does not indicate that a case plan for E.C. was filed with the circuit court before the pendency of this appeal. Although the August 17, 2005, case plan order listed E.C. and purported to approve a case plan dated June 29, 2005, no case plan was attached to that order or filed with it.
The Department claims that the Father did not comply with the addendum dated June 29, 2005, which was included in the *721 record after this appeal was filed. However, for three reasons, I am not persuaded that the late-filed paper that the Department refers to as the June 29, 2005, case plan applied to E.C. First, the paper was dated the day before E.C. was born and required compliance within only six months after her birth. But under section 39.806(l)(e)(l), the parents had twelve months to demonstrate substantial compliance with any case plan.[12] Second, the Department told the circuit court during its opening statement that the relevant case plan named E.C. and her five older siblings, but the paper in the appellate record does not include E.C.’s name and a description of the parents’ “acts resulting in risk to [E.C.] and the reason for the intervention by the [Department” as required by section 39.6011(2)(a). Furthermore, it was not signed by the parties as required by section 39.6011(3). Third, the paper was not filed three days before the disposition hearing as required by section 39.6011(7), and the case progress notes do not include an entry showing that it was ever filed. The person who prepared the paper on the Department’s behalf must have understood that it was not a case plan for E.C., because he or she used the Department’s preprinted addendum form rather than a form for a case plan. Because no case plan for E.C. was filed with the court prior to the filing of the petition, the termination of parental rights was unauthorized.
But, even if the paper in the appellate record or some, as yet, unfiled “case plan” applied to E.C., we cannot consider it because it is not properly part of the appellate record. See Dep’t of Transp. v. Baird, 992 So.2d 378, 382 (Fla. 5th DCA 2008) (“It was also improper for the circuit court on appeal to refer to an agreement between Baird and the Authority that was not part of the record on appeal.”). “Except as otherwise designated by the parties, the record shall consist of the original documents, exhibits, and transcript(s) of proceedings, if any, filed in the lower tribunal .... ” Fla. RApp. P. 9.200(a)(1) (emphasis added).
The circuit court’s docket does not reflect that a June 29, 2005, case plan was filed. In response to the Department’s effort to supplement the record on appeal with the June 29, 2005, case plan, the clerk of the circuit court noted that no case plan dated June 29, 2005, was listed on the case docket or included in the court file and supplemented the record with the June 29, 2005, addendum. The addendum bears a filing date stamp indicating that it was not filed in the circuit court until April 22, 2009, ten months after the entry of the termination order. I note that the Father strenuously opposed the Department’s motion to supplement the appellate record with a copy of the so-called “case plan.”[13] *722 Because the June 29, 2005, addendum was not filed in the circuit court, it is not properly part of the appellate record and this court ought not to give it any consideration.
For these reasons, the record on appeal does not reflect that a case plan for E.C. was filed in the circuit court before the parents’ rights were terminated. Because the Department did not file a case plan for E.C., its “request for termination based on [section 39.806(l)(e)(l) ] was fatally flawed from its inception.” Y.F., 893 So.2d at 642. Thus the circuit court erred when it terminated both parents’ parental rights to E.C. for failure to substantially comply with a case plan.

D. Father’s Substantial Noncompliance

The Father also contends that, even if the June 25, 2009, addendum had been filed and somehow constituted a valid case plan applicable to E.C., the circuit court erred when it terminated his parental rights to E.C. because the Department failed to show that he had not remedied the circumstances that caused the creation of that “case plan.” Termination under section 39.806(l)(e) is appropriate if “the circumstances which gave rise to creation of the case plan have not been significantly remedied to the extent that the well-being and safety of [the child] will be endangered upon the child’s return to the parents.” B.L. v. Dep’t of Children Families, 950 So.2d 1264, 1267 (Fla. 5th DCA 2007); see also R.F., 22 So.3d at 654 (noting same); E.R., 937 So.2d at 1198 (noting same).
The Department argues that the Father’s noncompliance with the drug abuse tasks was sufficient to support the termination of his parental rights. However, the circumstances which gave rise to the creation of the addendum as to the Mother were her cocaine use while pregnant with E.C. and her decision to leave the hospital against medical advice. The addendum does not explain what circumstances gave rise to its creation as to the Father. But the shelter petition indicates that E.C. was placed in the Department’s custody because the Father was incarcerated. The dependency petition alleged that the Father had abandoned the child as a result of his incarceration. Thus the circumstance that caused the creation of any “case plan” as to the Father was his incarceration. This circumstance was significantly remedied when the Father was released during 2005, and he remained at liberty for the remainder of the twelve-month compliance period. Moreover, the testimony at the termination hearing established that E.C. would not be harmed if returned to the Father as long as the Father was provided services. Because the Department did not show that the circumstance which gave rise to creation of any “case plan” concerning E.C. had not been significantly remedied to the extent that E.C.’s well-being and safety would be endangered upon her return to the Father, I could not concur in the affirmance of the trial court’s termination of the Father’s rights under section 39.806(l)(e)(l) even if the June 25, 2009, addendum applied to E.C. and was properly filed in the circuit court.

E. Single-Parent Termination

Assuming that the June 25, 2009, addendum applied to E.C. and was properly filed in the circuit court, I would also reverse the termination of the Mother’s parental rights. Because I would reverse the termination of the Father’s rights as discussed above, the Mother’s termination is subject to the requirements of section 39.811(6).[14]
*723 Section 39.811(6) requires a trial court to consider additional factors when terminating one parent’s rights without terminating the rights of the other parent. This section lists the “only” circumstances under which termination of one parent’s rights is permissible. See L.N. v. Dep’t of Children & Family Servs. (In re E.D.), 884 So.2d 291, 294 (Fla. 2d DCA 2004). This section creates complexities when an appellate court reviews a judgment terminating the parental rights of both parents and concludes that it must reverse the judgment as to one of the parents. The reversal suddenly subjects the termination of the second parent’s rights to special requirements that were not material at the time the trial court made its ruling.
When an appellate court reverses the termination of parental rights as to one parent and the trial court has made no ruling with regard to a single-parent termination under section 39.811(6) concerning the other parent, the appellate court can still affirm the single-parent termination if the actual ground for termination as to that parent stated in the judgment is one of the grounds described in section 39.811(6)(e) and that portion of the judgment is otherwise affírmable. On the other hand, an appellate court will typically be unable to uphold, a single-parent termination if one parent’s parental rights are terminated for a ground not contained in section 39.811(6)(e), such as failure to complete a case plan. In this situation, the appellate court will normally be constrained to reverse the parent’s judgment because the judgment and record will not contain findings of fact required by section 39.811(6)(a)-(d) sufficient to affvrm the judgment as a matter of law.
J.T. v. Dep’t of Children & Family Servs., 908 So.2d 568, 573 (Fla. 2d DCA 2005) (emphasis added) (footnotes omitted).
Here, the Department did not establish any ground for termination under section 39.811(6)(a) through (d), and the Mother’s rights were not terminated for one of the grounds specified in section 39.811(6)(e). Thus I would also reverse the termination of the Mother’s parental rights because the Department did not establish grounds for a single-parent termination. See I.R. v. Dep’t of Children & Family Servs., 18 So.3d 26, 27-28 (Fla. 2d DCA 2009).
V. CONCLUSION
The disheartening facts revealed in the record of this case could certainly lead one to conclude that E.C. would be “better off” if she were adopted by her current foster parents. But “[t]he fact that a child may be better off materially or otherwise with the prospective adoptive parents should never become the focal point in a termination proceeding.” Kingsley v. Kingsley, 623 So.2d 780, 788 (Fla. 5th DCA 1993). Instead, we must look to whether the Department met the stringent requirements for the termination of parental rights.
Here, the Department simply failed to prove one of the statutory grounds for terminating the parents’ parental rights to E.C. The evidence presented by the De *724 partment was insufficient to prove that the parents failed to substantially comply with a case plan for E.C. because the Department never filed a case plan for E.C. When the basis for a circuit court’s termination order is the parents’ substantial noncompliance with a case plan, the Department’s failure to prepare and file a case plan for the child in question should not be treated as the omission of an unimportant formality that does not affect the parents’ substantial rights. Furthermore, even if the addendum, which was first filed in the circuit court long after this appeal was begun, could be deemed to be a case plan applicable to E.C., termination as to the Father was improper because the Department did not establish that he had failed to remedy the circumstances that caused creation of the plan. This result renders the termination of the Mother’s rights subject to subsection 39.811(6), and the Department failed to establish a basis for a single-parent termination. Accordingly, I would reverse the circuit court’s order to the extent that it terminated the parents’ parental rights to E.C. and remand with instructions to dispose of this case as authorized by subsection 39.811(1) and Florida Rule of Juvenile Procedure 8.525(i).

. The full title of the paper at issue is "CHILD WELFARE CASE PLAN, ALL CASES (PART A), ADDENDUM.” The paper also states its purpose as follows — "Update: Change in Services/Tasks Only.”

. The Father and the Mother are the married parents of M.C., born October 30, 1997; S.A.C., born August 4, 2000; I.A.C., bom September 28, 2002; and E.C., born June 30, 2005. The Department sought to terminate the Father’s and the Mother’s parental rights to these four children and also sought to terminate the Mother’s parental rights to L.J.W., born September 24, 1995, and S.O., bom August 5, 1989. S.O. reached the age of majority before the termination hearing. The Father is not the parent of either S.O. or L.J.W.; those children have different fathers.

. In response to this court's order granting the Department’s motion to supplement the appellate record with "a case plan” dated June 29, 2005, the circuit court clerk supplemented the record with the addendum of the same date. The clerk stated that she "could not find [a] case plan in [the] file or listed on [the] case docket.” The addendum does not list E.C. as one of the affected children.

. The Department also requested termination of the parents’ rights under subsections (a), (b), and (c). However, during the termination hearing, the Department abandoned its claims under subsections (a) and (b), and the circuit court granted the parents’ motions for dismissal as to subsection (c).

. Although the Father raised this argument in his initial brief, the Mother did not. Later, the Mother filed a motion to join in the Father’s argument or to file an amended brief. This court initially denied the Mother's motion, but we subsequently vacated that order, granted the Mother's motion, and ordered that her brief would be deemed amended to include this argument.

. Effective July 1, 2008, the period of time allotted for parents to demonstrate compliance with the case plan has been reduced from twelve months to nine months. See ch. 2008-245, §§ 16, 32, at 2941-42, 2950, Laws of Fla.

. The parents also argue that the failure to file a case plan was fundamental error that can be raised for the first time on appeal. " 'Fundamental error,' which can be considered on appeal without objection in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action.” Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970). Section 39.806(l)(e) applies only “[w]hen ... a case plan has been filed with the court.” Moreover, it would be difficult — if not impossible — to determine whether a parent has substantially complied with a case plan when the case plan is not available to the court or to the parents. Thus the parents have raised a claim of fundamental error because the failure to file a case plan goes to the foundation or merits of the action.
Additionally, the failure to file a case plan implicates due process concerns. Because the termination of parental rights impacts a fundamental liberty interest, the Department must show that granting termination is the least restrictive means of protecting the children. Padgett v. Dep't of Health & Rehab. Servs., 577 So.2d 565, 571 (Fla.1991). "This means that [the Department] ordinarily must show that it has made a good faith effort to rehabilitate the parent and reunite the family, such as through a current performance agreement or other such plan for the present child.” Id. Because the “ '[l]east restrictive means' analysis embodies due-process concerns,” A.W. ex rel. B.W. v. Dep’t of Children Families, 969 So.2d 496, 504 (Fla. 1st DCA 2007), due process ordinarily requires that parents be afforded an opportunity to comply with a case plan before their parental rights are terminated, see D.S. v. Dep't of Children Families, 900 So.2d 628, 632 (Fla. 5th DCA 2005).

. As previously noted, the twelve-month period has been reduced to nine months effective July 1, 2008.

. The Father first raised the argument about the Department's failure to file a case plan in a motion for summary relief before this court. This court denied the Father’s motion. Subsequently, the Department filed a motion to supplement the record with a copy of the June 29, 2005, "case plan.” The Department alleged that the "case plan” should be included in the appellate record because it was referenced in the case plan order and the omission of this “case plan from the record was nothing more than a clerical error.” The Father opposed the Department's motion and argued that the clerk of the circuit court had verified that this "case plan” was never filed in the circuit court. This court previously granted the Department's motion. For the reasons I have explained, I would vacate our prior order granting the Department’s motion, enter an order denying this motion, and strike the June 29, 2005, "case plan” from the record.

. The text of section 39.811(6) is as follows: The parental rights of one parent may be *723 severed without severing the parental rights of the other parent only under the following circumstances:
(a) If the child has only one surviving parent;
(b) If the identity of a prospective parent has been established as unknown after sworn testimony;
(c) If the parent whose rights are being terminated became a parent through a single-parent adoption;
(d) If the protection of the child demands termination of the rights of a single parent; or
(e) If the parent whose rights are being terminated meets any of the criteria specified in s. 39.806(l)(d) and (f)-(i).