ORFINGER, J.
 

 The father, R.A., appeals the trial court’s order terminating his parental rights to his child, J.A. Because the father was making a determined effort to rehabilitate himself and there was no evidence that termination of parental rights was the least restrictive means of protecting the child, we reverse the termination order and remand for reinstatement of the father’s case plan.
 

 
 *723
 
 J.A. was born on October 9, 2006, while her mother, J.B., was incarcerated, and placed in shelter care three days later. The Department of Children and Families (“DCF”) sheltered J.A. due to her mother’s incarceration and the father’s admitted inability to provide J.A. with adequate care. J.A. was ultimately placed in non-relative pre-adoptive placement with her current foster parents in July 2007.
 

 DCF filed a petition for dependency, and a reunification case plan was approved on January 3, 2007. On April 9, 2007, the court approved an amended case plan, which required the father to complete a substance abuse evaluation and treatment, if needed.
 
 [1]
 
 The goal of the plan remained reunification with a target date of October 12, 2007. Seven months later, on November 6, 2007, DCF filed a termination petition, alleging that the father’s rights should be terminated because he had engaged in conduct that continued to threaten the safety, well-being, or physical, mental or emotional health of the child irrespective of the provision of services pursuant to section 39.806(l)(c), Florida Statutes, and he had failed to substantially comply with his case plan pursuant to section S9.806(l)(e), Florida Statutes. The trial court rejected termination under section 39.806(l)(c), but found that DCF had proven its case as to the grounds alleged under section 39.806(l)(e) and that termination was in the child’s manifest best interests and the least restrictive means of preventing harm to J.A.
 
 [2]
 
 In its ruling, the trial court found:
 

 First, no evidence was submitted that the father is currently engaged in any conduct toward his child that would threaten her life, safety, well-being, or physical, mental, or emotional health. In fact, he has custody of an older child, M.A., who has not been removed from his care since reunification. It would seem logical that if this child’s life, safety[,] well-being, or physical, mental or emotional health would be endangered upon reunification with her father, then M.A. would have been considered at risk and removed from her father’s care.
 

 The court also found that the father was making a determined effort in substance abuse treatment.
 

 Section 39.806(l)(e)l. provides that parental rights can be terminated when “[t]he child continues to be abused, neglected, or abandoned by the parents.” The failure of substantial compliance within the period of twelve months after the child is adjudicated dependent constitutes evidence of abuse and neglect and is also grounds for termination, unless the failure to “substantially comply” is due to the parent’s lack of financial resources or DCF’s failure to make reasonable efforts toward reunification. § 39.806(l)(e), Fla. Stat. (2007). “ ‘Substantial compliance’ means that the circumstances which caused the creation of the case plan have been significantly remedied to the extent that the well-being and safety of the child will not be endangered upon the child’s remaining with or being returned to the child’s parent.” § 39.01(71), Fla. Stat. (2007) (emphasis added);
 
 see E.R. v. Dep’t of Children & Family Servs.,
 
 937 So.2d 1196, 1198 (Fla. 3d DCA 2006).
 

 “[T]he ‘substantially comply’ language contained in section [39.806] ... is a term of art [that] requires more than just a determination that the case plan has not been completed.”
 
 B.L. v. Dep’t of Children & Families,
 
 950 So.2d 1264, 1266 (Fla. 5th DCA 2007). The trial court is
 
 *724
 
 required to determine whether the cause that led to the dependency “ha[d] not been significantly remedied to the extent that the well being and safety of [J.A.] will be endangered upon the child ... being returned to the [father].”
 
 Id.
 
 As the court found, the father has obtained stable housing and employment, regularly visited J.A., completed parenting class, and was paying child support. While substance abuse was part of the father’s history, there was no indication, as the trial court specifically found, that the father’s substance abuse caused harm to J.A.
 

 We conclude the trial court erred in finding that DCF proved by clear and convincing evidence that the father’s rights should be terminated under section 39.806(l)(e).
 
 See J.C. v. Dep’t of Children & Family Servs. (In re G.C.),
 
 6 So.3d 643 (Fla. 2d DCA 2009). While the State has a paramount interest in protecting children from harm, there exists a well-recognized fundamental right of parents to have the custody and companionship of their children. Those rights can be intruded by utilization of the least restrictive means of protecting the child from serious harm.
 
 See Padgett v. Dep’t of Health & Rehab. Servs.,
 
 577 So.2d 565 (Fla.1991). The least restrictive means test requires that “measures short of termination be utilized if such can permit the safe reestablishment of the parent-child bond.”
 
 O.M. v. Dep’t of Children & Family Servs. (In re G.C.A.),
 
 863 So.2d 476, 480 (Fla. 2d DCA 2004). Applying this standard, we conclude that DCF failed to establish the father’s actions harmed J.A., and, as the trial court found, any evidence of prospective harm was speculative at best. Instead, the evidence showed that the father had an established relationship with J.A., was making a determined effort to rehabilitate himself, and that J.A. would not be harmed by continued custody with her foster family while the father worked on his case plan.
 

 The trial court apparently concluded that proof of any of the statutory grounds under section 39.806 is enough to terminate parental rights. That view ignores the additional requirement that termination must be in the manifest best interests of the child pursuant to section 39.810.
 
 See In re E.D.,
 
 884 So.2d 291, 295 n. 3 (Fla. 2d DCA 2004). And beyond these statutory requirements, the termination of parental rights is subject to the constitutional requirement that termination is the least restrictive means of protecting the child from serious harm.
 
 V.W. v. Dep’t of Children & Family Servs. (In re L.B.W.),
 
 863 So.2d 480, 483 (Fla. 2d DCA 2004) (citing
 
 Padgett v. Dep’t of Health & Rehabilitative Servs.,
 
 577 So.2d 565, 571 (Fla.1991)). It is these last two requirements that are lacking here.
 

 For these reasons, we reverse the termination order and remand this matter for reinstatement of the most recent case plan, which had a goal of reunification.
 
 See B.B. v. Dep’t of Children & Families (In re G.R.),
 
 793 So.2d 988, 989 (Fla. 2d DCA 2001) (holding that DCF acted prematurely in seeking termination of parental rights where mother was “making a determined effort to rehabilitate herself’ and children were “well cared for and secure”);
 
 see also J.H. v. Dep’t of Children & Family Servs. (In re H.H.),
 
 865 So.2d 634, 636 (Fla. 2d DCA 2004);
 
 R.W.W. v. Dep’t of Children & Families (In re C.W.W.),
 
 788 So.2d 1020 (Fla. 2d DCA 2001) (finding that DCF failed to establish that termination was least restrictive means to prevent harm to child where DCF did not demonstrate that child would be harmed by continued custody with foster family while mother worked on case plan). On remand, as the time has already passed for completion of the case plan, the trial court should give the father a reasonable amount of additional time in which to complete his case plan.
 
 See generally C.A. v. Dep’t of Children & Fami
 
 
 *725
 

 lies,
 
 988 So.2d 1247, 1249 (Fla. 4th DCA 2008).
 

 REVERSED AND REMANDED.
 

 PALMER and EVANDER, JJ., concur.
 

 [1]
 

 . Apparently, the father had tested positive for cannabis.
 

 [2]
 

 . The court also terminated the mother’s parental rights. She does not appeal that determination.