SCHWARTZ, Senior Judge.
 

 D.C., the mother of eleven-year-old G.R., seven-year-old J.K., four-year-old D.D., and two-year-old J.D., T.R., the father of G.R., and J.D., the father of D.D. and J.D., appeal from orders terminating their parental rights to all of their children. The judgment against the fathers, J.D. and T.R., is affirmed.
 
 See V.J. v. Dep’t of Children & Families,
 
 949 So.2d 1128 (Fla. 3d DCA 2007).
 

 We reach a different result as to the mother, D.C. The record shows that on March 30, 2010, the trial court denied an identical petition to terminate her parental rights filed by the Department of Children and Families. Principles of collateral es-toppel dictate therefore that only such con
 
 *1147
 
 duct as may have occurred between that date and the January 10, 2011 filing of the present petition may be considered. See
 
 Donahue v. Davis,
 
 68 So.2d 168 (Fla.1953);
 
 Gordon v. Gordon,
 
 59 So.2d 40 (Fla.1952);
 
 Gray v. Gray,
 
 91 Fla. 103, 107 So. 261 (Fla.1923).
 

 Our examination of the record shows beyond question that no valid grounds for termination occurred during that time. Indeed, it demonstrates that the only change in the very favorable circumstances of the mother, including her successful efforts to break her drug dependency, to secure and hold full-time employment and to find a satisfactory home, was an arrest for an alleged offense which was later nolle prossed, and as to the circumstances of which there was no evidence, but which caused her to miss a single parenting class, part of a case plan which was otherwise fully complied with. Obviously, this far from justifies the termination of her parental rights.
 
 See I.Z. v. B.H.,
 
 53 So.3d 406 (Fla. 4th DCA 2011) (“[Fjailure to comply with a case plan cannot, standing alone, provide the basis for termination of parental rights.”);
 
 In re S.F.,
 
 22 So.3d 650 (Fla. 2d DCA 2009) (reversing termination of parental rights, even in the face of drug relapses by the parents, where the Department failed to show that the circumstances which prompted the creation of the case plan were not significantly remedied such that the well-being and safety of the child were no longer endangered);
 
 D.P. v. Dep’t of Children & Family Servs.,
 
 930 So.2d 798 (Fla. 3d DCA 2006) (reversing termination of parental rights sparked by a domestic violence incident where the child was not even present, despite mother’s great strides in leaving an abusive relationship, maintaining employment, completing all tasks requested by the Department, and submitting to residential substance abuse treatment);
 
 M.H. v. Dep’t of Children & Families,
 
 866 So.2d 220 (Fla. 1st DCA 2004) (“[I]t is well settled that a parent’s drug addiction, standing alone, is insufficient ground upon which to terminate parental rights.”);
 
 B.B. v. Dep’t of Children & Families,
 
 793 So.2d 988 (Fla. 2d DCA 2001) (reversing termination of parental rights and finding that the State acted prematurely where, although the mother had not fully complied with the case plan, she had not ignored it either, and was making a determined effort to rehabilitate herself under a second plan prompted by the birth of another child while the children were otherwise well cared for in foster care or with relatives);
 
 R.W.W. v. Dep’t of Children & Families,
 
 788 So.2d 1020 (Fla. 2d DCA 2001) (reversing termination of parental rights despite mother’s chronic cocaine problem and lack of employment, home or family support, where trial court did not find that these conditions could not be resolved through provision of services and mother had never been offered a case plan with the goal of reunification).
 

 Affirmed as to the fathers; reversed and remanded with respect to the mother.